[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #114
This is a tax appeal case, wherein the plaintiff, Reckson OperatingPartnership, LP appeals the property tax assessments made by the defendant, City of Stamford, in 1999 and 2000.
In count one of the complaint, the plaintiff alleges the following pertinent facts: that it owned certain real property located in the City of Stamford; that the defendant's assessor determined that all property in the municipality should be liable for taxation at 70% of its true and actual valuation; that the defendant's assessor estimated the value of CT Page 8696 the plaintiffs property on October 1, 1999; that the assessment was grossly excessive, disproportionate, unlawful and not in accordance with a uniform percentage of true and actual value; that the disproportionate assessment was in violation of General Statutes § 12-64; that the plaintiff timely appealed to the Board of Assessment Appeals (board) claiming to be aggrieved by the assessment; that the board made no change to the assessment; and that the plaintiff is aggrieved by the assessor and board's actions.
In count two, the plaintiff further alleges that on October 1, 2000, the defendant's assessor estimated the value of the same property as discussed in count one and similarly disproportionately assessed the plaintiff's property and that the plaintiff was also aggrieved by this action.
On January 31, 2002, the plaintiff filed an offer of judgment pursuant to Practice Book § 17-14[1], expressing a willingness to stipulate to a judgment from the defendant in the specified amount. On February 14, 2002, the defendant filed a motion to strike the plaintiff's offer of judgment on the grounds that offers of judgment, in the tax appeal context, are legally insufficient and because the application of General Statutes § 12-117a[2] would constitute a denial of the defendant's equal protection and due process rights. In response, the plaintiff filed a memorandum of law in opposition to the motion to strike.
Preliminarily, the court notes that motions to strike are governed by Practice Book § 10-39 which states in pertinent part that: "Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief . . . or (3) the legal sufficiency of any such complaint, counter claim or cross complaint, or any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes of action which cannot properly be united in one complaint . . . or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Thus, offers of judgment are not covered by § 10-39. However, this court will examine the propriety of the arguments raised in the defendant's motion and will thus, view the motion to strike as an appropriately filed objection to the filing of the offer of judgment. SeeCocozza v. Wickes, Superior Court, judicial district of Danbury, Docket No. 334642 (June 14, 1999, Radcliffe, J.).
The defendant makes three arguments in its motion. First, it argues CT Page 8697 that an offer of judgment is not permissible in a tax appeal seeking relief pursuant to § 12-117a. Second, although the defendant concedes that tax appeals are indeed civil actions, it argues that they are essentially equitable in nature and thus, outside the scope of the offer of judgment statute. Third, the defendant argues that to the extent that the procedures that apply to the offer of judgment statute, General Statutes § 52-192a,[3] are deemed applicable to tax appeals, they create a significant disparity between the position of defendants and plaintiffs which violates the defendant's right to equal protection and substantive due process.
The plaintiff responds by arguing, among other things, that the defendant's motion is not yet ripe for adjudication because the events which trigger the offer of judgment procedures are still speculative. The plaintiff further argues that because it seeks both equitable relief and money damages in this action, the offer of judgment is legally sufficient and § 52-192a does not violate equal protection or substantive due process.
In order to place the analysis in context, the court notes that the underlying purpose of § 52-192a is judicial economy. The offer of judgment statute serves to "encourage pretrial settlements and, consequently, to conserve judicial resources." (Internal quotation marks omitted.) Willow Springs Condominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1, 55, 717 A.2d 77 (1998). "The strong public policy favoring the pretrial resolution of disputes . . . is substantially furthered by encouraging defendants to accept reasonable offers of judgment." (Internal quotation marks omitted.) Id., 55-56.
As to the defendant's first argument, the Connecticut Supreme Court has rejected the argument that tax appeals do not constitute civil action and thus are net amendable to offers of judgment. Loomis Institute v.Windsor, 234 Conn. 169, 179, 661 A.2d 1001 (1995). The Court found that "the General Statutes contain no generic definition of the term `civil action,' [but, that] the provisions of [the] Practice Book fill this gap. The section in the Practice Book that directly implements §52-192a (a) mirrors the usage of `civil action' that is found in the statute. See Practice Book § 346 [now, § 17-14]. Practice Book § 256 [now, § 14-6] expressly provides, furthermore, that. [f]or purposes of these rules, administrative appeals are civil actions [except for purposes of General Statutes §§ 52-591, 52-592 and 52-593]. Tax appeals fall within the Practice Book's definition of administrative appeals." (Internal quotation marks omitted.) Id. Thus, following the Supreme Court guidance on this issue, this court finds that tax appeals pursuant to § 12-117a are civil actions and thus amenable to the offer of judgment statute and its procedures. CT Page 8698
The second issue raised by the defendant is whether the purported equitable nature of tax appeals places them beyond the scope of the offer of judgment statute. The court agrees that tax appeals are equitable in nature. Konover v. West Hartford, 242 Conn. 727, 735, 699 A.2d 158
(1997). Moreover, tax appeals under § 12-117a involve a two step process and "[o]nly after the court determines that the taxpayer has met his burden of proving that the assessor's valuation was excessive and that the refusal of the board of tax review to alter the assessment was improper, however, may the court then proceed to the second step in a § 12-117a appeal and exercise its equitable power to grant such relief as to justice and equity appertains." (Internal quotations marks omitted.) Konover v. West Hartford, supra, 242 Conn. 735 (1997).
In this case, the complaint is not solely equitable in nature. The plaintiff prays, among other things, for "reimbursement from the City of Stamford for the excess of the taxes paid by the plaintiff together with interest and costs. . . ." Furthermore, the offer of judgment statute itself, refers to "any civil action based upon contract or seeking therecovery of money damages. whether or not other relief is sought. . . ." (Emphasis added.) General Statutes § 52-192a (a). Thus, the equitable nature of tax appeals plus the money damages sought place this case squarely within the type of case for which offer of judgments are utilized. In fact, as previously stated, the court can award such relief as justice and equity permit which may or may not include money damages. Thus, the court is not persuaded by the defendant's argument that the equitable nature of tax appeals excludes them from offers of judgment.
The third and final argument raised by the defendant's objection is whether offers of judgment, in the tax appeal context, create such a disparity in bargaining position that they violate the due process and equal protection clauses.[4] In support of this proposition, the defendant poses several examples and hypothetical situations where the defendant is placed at a disadvantage due to the operation of the offer of judgment statute.
While the Connecticut Supreme Court has not directly addressed the issue of the constitutionality of offers of judgment in the tax appeal context, it has considered the constitutionality of offers of judgment generally.[5] In Blakeslee Arpaia Chapman, Inc. v. El Constructors,Inc., 239 Conn. 708, 753, 687 A.2d 506 (1997), the Court decided that Connecticut's offer of judgment legislation does not violate a part's right to equal protection and due process under the federal constitution. The Supreme Court stated that "[t]o implicate the equal protection clauses under the state and federal constitutions . . . it is necessary that the state statute in question, either on its face or in CT Page 8699 practice, treat persons standing in the same relation to it differently." Id., 755. In its analysis, the Court concluded that plaintiffs and defendants are not similarly situated and that indeed defendants who generally hold the money in question are best suited to resolve pending litigation. Moreover, the court specifically found that under circumstances involving the assessment of statutory interest, plaintiffs and defendants are not similarly situated. Id. Furthermore, using a traditional equal protection analysis, the Court held that if the case does not pertain to a suspect class or the provision at issue does not burden a fundamental right, any challenge to legislation need only be rationally related to some legitimate government purpose and that the judicial economy purportedly served by the statute meets the rational basis test. Id., 757. The court thus found that offers of judgment are not unconstitutional. Id.
With regard to tax appeals, this court finds no authority, nor have the parties directed the court to any authority, to view the defendant's negotiating position as a violation of equal protection or due process. The defendant's argument that the offer of judgment process is different in a tax appeal context is not without merit, however, the court does not find that this difference amounts to a constitutional violation.
Accordingly, the defendant's objection to the plaintiff's offer of judgment is overruled.
 ___________________ Mintz, J.